```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

ESTATE OF CAPTAIN BRADLEY       §
JAMES THOMPSON, ET AL.          §
                                §
VS.                             §  CIVIL ACTION NO. 4:07-CV-594-Y
                                §
SUN LIFE ASSURANCE COMPANY      §
OF CANADA                       §
```

ORDER DENYING ATTORNEYS' FEES AND GRANTING COSTS

Pending before the Court is defendant, Sun Life Assurance Company of Canada ("Sun Life")'s Petition for Attorneys' Fees and Costs (doc. #70). After review the Court concludes that the factors that guide its discretion to grant an award of attorneys' fees counsel against such an award in this case. The Court also concludes that Sun Life was the prevailing party in this case and is, therefore, entitled to recover its costs. As a result, Sun Life's motion will be granted in part and denied in part.

I.  Background

At the time of his death, Captain Bradley James Thompson was employed by Communication Technologies, Inc., and was a participant in its employee benefits plan which included life insurance with Sun Life. Thompson died while engaged in autoerotic asphyxiation or "the practice of limiting the flow of oxygen to the brain during masturbation in an attempt to heighten sexual pleasure." *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1450 (5th Cir. 1995). After his death Sun Life paid the basic life-insurance benefits under the plan to the plan's named beneficiary, Rachael Ruiz, but refused to pay certain accidental death and dismemberment benefits.

Ruiz then filed suit in a Texas state court under the Texas Insurance Code and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. Sun Life removed the case to this Court. Subsequently, each party filed a motion for summary judgment. In an order entered on December 10, 2008, the Court concluded that Sun Life did not abuse the discretionary authority granted to it by the plan by concluding that Thompson's death was excluded under the plan's self-inflicted-injury exclusion. Final judgment was entered in favor of Sun Life that same day. Sun Life now seeks attorneys' fees and costs.

II. Discussion

   A.  Legal Standard

Under ERISA a court has the discretion to award attorneys' fees to either party. *See* 29 U.S.C. § 1132(g)(1). There is no presumption in favor of awarding costs and attorneys' fees in the Fifth Circuit in an ERISA case. *See Harms v. Cavenham Forest Industries, Inc.*, 984 F.2d 686, 694 (5th Cir. 1993). The United States Court of Appeals for the Fifth Circuit has set forth five factors to be considered when evaluating the propriety of an award of attorneys' fees. *See Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 166 (5th Cir. 1980). Those factors are:

    (1)  the degree of the opposing parties' culpability or bad faith;

    (2)  the ability of the opposing parties to satisfy an award of attorneys' fees;

2

  (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

  (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

  (5) the relative merits of the parties' positions.

*Id.* "No single factor is determinative, but together they are the nuclei of concerns guiding" a court's award of attorneys' fees. *Bannistor v. Ullman*, 287 F.3d 394, 409 (5th Cir. 2002). The Fifth Circuit has acknowledged that these factors do not lend themselves as readily to the review of a motion for attorneys fees by a defendant as they do to such a motion by a plaintiff. *Hogan v. Kraft Foods*, 969 F.2d 142, 146 n.17 (5th Cir. 1992). Even so, the factors are sufficiently flexible to be used as guides in reviewing a motion for attorneys' fees by a defendant. *See id.*

  Costs are awarded separately from attorneys' fees under ERISA. Unlike attorneys fees, costs are not subject to the five *Bowen* factors. *Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 541-43 (5th Cir. 2007). Instead, costs may be awarded pursuant to a "prevailing party" test analogous to that stated in Federal Rule of Civil Procedure 54. *See id.* at 543.

  B. Analysis--Attorneys' Fees

  At the outset of its analysis, the Court notes that Ruiz has not responded to Sun Life's motion. Sun Life properly served the motion on Ruiz and Ruiz has been given ample time to submit a response but none has been submitted. The Court is, therefore, left to

3

evaluate the propriety of an award of attorneys' fees and costs based solely on Sun Life's motion. The Court now turns to the *Bowen* factors.

        1.   The degree of Ruiz's culpability or bad faith

Sun Life points to various acts in its motion that it asserts demonstrate Ruiz's bad faith. For instance, Sun Life posits that Ruiz attempted to file a brief that alleged Sun Life had intentionally falsified documents. This allegation was made in relation to a letter, dated May 30, 2008, faxed to Ruiz's counsel, Bryan Walter, by counsel for Sun Life regarding Ruiz's request for plan documents. On June 4, 2008, Ruiz sought leave to file a reply regarding her motion for summary judgment in excess of the page limit imposed by the local rules. In the proposed reply brief, in seeking an award of attorneys' fees, Ruiz alleges that Sun Life blacked out portions of the transmission confirmation page to hide the fact that the letter had never been sent to Plaintiff's counsel. But Sun Life points out that the copy of the letter submitted by Ruiz in support of her brief discloses that the letter was sent on the day claimed by Sun Life. (Doc. 38, Ex. A). Walter's affidavit in support of his request for attorneys' fees states that the supporting documents accurately reflect the time and fees expended (Doc. 39, Appx. #17 at p.1), implying that Walter had reviewed the records. Had he indeed done so, he would have seen that such records indicated that a letter was received by fax from counsel for Sun Life on May 30, 2008. (*Id*. at p. 8.) Moreover, Walter later filed a "notice of error" and a "notice

4

of correction" (docs. # 41 & 42) to remove these allegations from the proposed brief, claiming that he had not seen the letter attached as an exhibit to his own motion until it was filed.

Sun Life also points to other acts by Walter as demonstrating bad faith. These include the filing of briefs that were unnecessarily lengthy and contrary to accepted formatting practices[1] and unprofessional communications sent by Walter to counsel for Sun Life. Sun Life has included an email sent by Walter in response to an offer by Sun Life to forego a request for attorneys' fees in exchange for Plaintiff's voluntary dismissal of this suit. Walter responds:

> [F]rom me to your client, please allow me to suggest that Sun Life forcibly cram its offer where there is no sun life, i.e., where da sun life don't shine. . . . Thus it is written.

(Def. Mtn., Ex. C.) Further, the Court was forced to warn Walter against citing vacated opinions without disclosing such negative history to the Court. (Doc. #68 at 16, n. 1)

But however troubling Walter's actions may be, they do not appear to be the sort of bad faith relevant to the *Bowen* factors. Although one court has at least implied that attorney misconduct could be considered under the bad-faith factor[2], it would seem that the better approach would be to hold a litigant accountable only for its own actions. *See Bannistor*, 287 F.3d at 298-399 (culpability factor

---

[1] For a discussion of Plaintiff's formatting issues, see the Court's order denying leave to file (doc. #56).

[2] *Burnside v. Anthem Blue Cross Blue Shield*, No. 1:05-CV-570, 2006 U.S. Dist. LEXIS 87482, at *41 (E.D. Tex. Dec. 1, 2006) (declining to award attorneys' fees to a defendant because there was "no evidence that [plaintiff] or her counsel acted in bad faith").

weighed in favor of attorney's fees where opponent was primarily responsible for the losses suffered by the party seeking fees); *see also Metropolitan Life Ins. Co. v. Bischoff*, 366 F. Supp. 2d 455, 459-60 (W.D. Tex. 2004) (concluding that award of attorneys' fees in favor of plaintiff was appropriate where defendant was responsible for the complexity of the lawsuit and the fees and expenses incurred by the plaintiff).

Indeed, while the Fifth Circuit has considered sanctions in relation to an award of attorney's fees in an ERISA case, it did so only to reduce the fee award by the sanctions imposed on the attorney receiving such fees. *Salley v. E.I. Du Pont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992). Courts have observed that the deterrence factor is related to the bad-faith- and -culpability factor. *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 497 F.3d 426, 432 (5th Cir. 2007). That is, attorneys' fees, which are paid by the opposing party, are awarded to deter future litigants from engaging in similar conduct. *Angel v. Boeing Co. Retiree Health & Welfare Benefit Plan*, No. 3:04-CV-1498-D, 2006 U.S. Dist. LEXIS 42259, at *8 (N.D. Tex. June 8, 2006). Where there has been no improper conduct there is nothing to deter by an award of attorneys' fees. *Id.* It follows that, as a general proposition, attorney misconduct and the litigant's bad faith or culpability in bringing a claim should be treated as separate issues and an award of fees cannot be justified based on attorney misconduct.

It is particularly important to keep these issues separate in a case such as this, where the alleged misconduct relates to matters

6

outside of the client's control, such as communications between the attorneys for each side or the formulation of arguments to the Court. And although Sun Life asserts that Ruiz filed frivolous and baseless motions, it does not point to any particular motion as an example. Thus, there is insufficient indication that Walter's actions prolonged the litigation or caused an increased work load for defense counsel. This factor does not weigh in favor of an award of fees.

        2.   Ruiz's ability to satisfy an award of attorneys' fees

Sun Life argues that Ruiz has the ability to pay because she received the basic death benefit after Thompson's death. The record indicates that Ruiz received $57,238.15. (Appx. in support of Sun Life's Motion for Summary Judgment, doc. #18 at 30-35.) Sun Life's attorneys seek $56,795.50 in fees. But the mere fact that proceeds from the underlying policy are sufficient to cover the requested fee does not weigh in favor of an award of attorneys' fees. The Fifth Circuit has reversed an award of attorneys' fees in favor of a defendant based in part on the fact that the requested fee amounted to nearly one-fourth of the proceeds at issue. *Gibbs v. Gibbs*, 210 F.3d 491, 505 (5th Cir. 2000). Additionally, Ruiz will be responsible for paying her own attorney's fees, which further counsels against assessing Sun Life's attorneys' fees against her. *See id.* Accordingly, this factor weighs against awarding fees to Sun Life.

      3. **Whether an award of attorneys' fees against Ruiz would deter other persons acting under similar circumstances**

The Fifth Circuit has characterized this factor as a shield meant to protect parties from the fear of having to pay attorneys' fees in pursuing ERISA litigation in the event they do not prevail. *See Gibbs*, 210 F.3d at 505. Despite this, courts have also spoken of this factor as an affirmative tool to be used in discouraging future litigants from pursuing claims similar to those advanced by the party against whom fees are assessed. *See Kennedy*, 497 F.3d at 432 (concluding deterrence would not be served due to the absence of culpability or bad faith); *see also Harms*, 984 F.2d at 694 n.12; *Angel*, 2006 U.S. Dist. LEXIS 42259, at *7 ("Under the [deterrence] factor, the court considers whether an award of attorney's fees would deter other persons who will be acting under similar circumstances.") But whether viewed as a protection for meritorious claims or a tool to deter frivolous claims, this factor is certainly not intended to discourage meritorious claims. *See Angel*, 2006 U.S. Dist. LEXIS 42259, at *9 (declining to award attorneys' fees where the award might have the effect of deterring meritorious claims).

As the Court's order granting summary judgment in favor of Sun Life demonstrates and discussed more fully below in relation to the relative merits of the parties' positions, this was a close case with meritorious arguments on each side. This is not the sort of case in which an award of attorneys' fees is justified to achieve a deterrent effect, particularly in light of the lack of bad faith or culpability on the part of Ruiz. Indeed, an award of fees in this

case could discourage beneficiaries and participants from bringing claims on other important issues under ERISA. Thus, the Court concludes this factor weighs against an award of fees.

> 4. Whether Sun Life sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself

Sun Life asserts that its efforts in this case were "to protect the integrity of the plan and preserve the assets for legitimate claims." Sun Life has not cited, nor has the Court discovered, any case discussing this factor in significant detail in applying it to a request for attorneys' fees by an insurance provider. When evaluating a claim for attorneys' fees by a beneficiary "mainly self-interested objective[s]" do not justify attorneys' fees although the claim may work a generalized benefit to plan participants and beneficiaries. *See Bannistor*, 287 F.3d at 409. But protection of a plan's resources would seem to be one of the main ways, if not the chief way, in which a provider could benefit all participants and beneficiaries.

Relatedly, in defending this suit and protecting the plan's assets, Sun Life pursued a significant legal issue under ERISA. As discussed in more detail below regarding the relative merits of the parties' positions, resolving whether Thompson's death was covered presented an issue that has yet to be resolved by the Fifth Circuit and has resulted in divergent conclusions from various federal courts. Sun Life's efforts in seeking to resolve this significant issue weigh

9

in favor an award of attorneys' fees. *See Bannistor*, 287 F.3d at 409.

       5.    The relative merits of the parties' positions.

Where the opponent's position is not groundless or has "some merit" an award of attorneys' fees is not warranted. *See Gibbs*, 210 F.3d at 505 (concluding attorneys' fees not justified in "close case"); *Izzarelli v. Rexene Prods. Co.*, 24 F.3d 1506, 1526 (5th Cir. 1994) (holding that where party's claim not groundless, fifth factor does not support fee award); *Pitts*, 931 F.2d at 358 (affirming denial of fees where there was "some merit to each party's position"). The order granting summary judgment in favor of Sun Life demonstrates that the particular issue presented by this case is one that has caused some division among federal courts. As of the time of the order, two courts of appeals had held that a death resulting from autoerotic asphyxiation was not excluded under a plan's self-inflicted-injury exclusion. *See Critchlow v. First Unum Life Ins. Co. of Am.*, 378 F.3d 246 (2d Cir. 2004); *Padefield v. AIG Life Ins. Co.*, 290 F.3d 1121 (9th Cir. 2002). But, as discussed in the Court's order, such a conclusion is contrary to the language of the plan in this case, and would appear to contradict that Fifth Circuit's conclusion that the asphyxia related to autoerotic asphyxiation is an "injury" as used in a self-inflicted-injury exclusion. *See Sims v. Monumental Gen. Ins. Co.*, 960 F.2d 478, 480-81 (5th Cir. 1992). Further, several district courts have held that autoerotic asphyxia involves intentional self-inflicted injury. *See Bond v. Ecolab, Inc.*, No. 06-15072, 2007 WL 551595 (E.D. Mich. Feb. 21, 2007); *Fugate v.*

*Reliastar Life Ins. Co.*, No. 504CV245OC10GRJ, 2005 WL 1225006 (M.D. Fla. May 23, 2005); *Cronin v. Zurich Am. Ins. Co.,* 189 F. Supp. 2d 29 (S.D.N.Y. 2002) *Hamilton v. AIG Life Ins. Co.,* 182 F.Supp. 2d 39, 49-50 (D. D.C. 2002); *Bryant v. AIG Life Ins. Co.*, No. 4:01-CV-92, 2002 U.S. Dist. LEXIS 23289 (W.D. Mich. Nov. 27, 2002); *Fawcett v. Metropolitan Life Ins. Co.,* No. C-3-97-540, 2000 U.S. Dist. LEXIS 10061 (S.D. Ohio June 28, 2000); *Lonergan v. Reliance Std. Life Ins. Co.*, No. CA 96-11832-PBS, 1997 U.S. Dist. LEXIS 24075, at *14-18 (D. Mass. May 29, 1997) (concluding that deceased's death was not accidental as required by the terms of the policy); *Parker v. Danaher Corp.*, 851 F. Supp. 1287, 1295 (W.D. Ark. 1994) (stating, in concluding that an autoerotic asphyxia related death was a covered accident that "we are not faced in this case with an exclusionary clause for injury resulting directly or indirectly from an intentionally self-inflicted injury.").

Further complicating the resolution of the parties' motions for summary judgment is the fact that the Fifth Circuit has yet to address this issue. The Fifth Circuit has concluded that an autoerotic-asphyxia-related death is accidental within the meaning contemplated by an ERISA policy's coverage provision. *See Todd*, 47 f.3d at 1453-57. But in that case the Court expressly noted that it was dealing with coverage in the first instance, and not with exclusion under a self-inflicted-injury provision. *Id.* at 1452, 1454 n.6. In *Sims* on the other hand, the Fifth Circuit was presented with a self-inflicted-injury exclusion similar to that at issue in this case. *See Sims*, 960 F.2d at 480-81. The Fifth Circuit concluded that

autoerotic asphyxiation is an "injury" within the meaning of such an exclusion. *See id.* And although *Sims* was not an ERISA case but was instead decided based on Louisiana state law, a court is to give effect to the plain meaning of the plan's terms[3] and there is no indication that had the issue arisen in the context of ERISA the Fifth Circuit would have interpreted the plan's terms differently.

All of this is to say, once again, that this was a close case. The issue has caused divergence among federal courts and is unresolved in this circuit. There was merit on each side of the issue. As a result, the Court concludes that this factor weighs against an award of attorneys' fees.

C.  Analysis - Costs

In the Fifth Circuit, costs are awarded in an ERISA case under a "prevailing party" standard analogous to the standard stated in Federal Rule of Civil Procedure 54(d). *Wade*, 493 F. 3d at 543. Under Rule 54(d) costs are awarded to a party that has, as a practical matter, "prevailed" in the litigation. *See* FED. R. CIV. P. 54(d); *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985). A party in whose favor judgment has been entered is a prevailing party for purposes of Rule 54. *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539 (5th Cir. 1990).

Judgment was entered in favor of Sun Life on December 10, 2008 (doc. #69). Sun Life is, therefore, a prevailing party and entitled

---

[3] *Keszenheimer v. Reliance Std. Life Ins. Co.*, 402 F.3d 504, 507 (5th Cir. 2005).

12

to recover costs.  Should Sun Life desire to have the clerk of Court tax such costs, it must submit a bill of costs setting out its allowable costs in detail no later than April 8, 2009.

III.  Conclusion

The Court concludes that *Bowen* factors one, two, three, and five weigh against an award of fees.  And although the fourth factor weighs in favor of an award of fees, this is outweighed by the other factors.  Accordingly, the Court concludes that an award of attorneys' fees is not appropriate in this case and Sun Life's motion for attorneys' fees is DENIED.  Sun Life's motion for costs is GRANTED.

SIGNED March 31, 2009.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/jar